# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN DOE** | : |
| Plaintiff, | : |
| | : **JURY DEMANDED** |
| v. | : |
| **KAUFMAN DOLOWICH LLP** | : No. 24-2563 |
| One Liberty Place | : |
| 1650 Market Street, Suite 4800 | : |
| Philadelphia, Pennsylvania 19103 | : |
| Defendant. | : |

## CIVIL ACTION COMPLAINT

Plaintiff, John Doe, by and through his undersigned attorneys, for his complaint against Defendant Kaufman Dolowich LLP, hereby alleges as follows:

### I. INTRODUCTION

1. Plaintiff John Doe files this Complaint against Defendant Kaufman Dolowich LLP for disability discrimination, failure to provide reasonable accommodations, and retaliation in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 et seq.

2. Plaintiff proceeds under the pseudonym "John Doe" to protect his privacy, as detailed in the accompanying Motion to Proceed Anonymously.

## II. PARTIES

3. Plaintiff John Doe is a resident of the Eastern District of Pennsylvania. At all relevant times, Plaintiff was employed as an Associate Attorney by Defendant Kaufman Dolowich LLP.

4. Defendant Kaufman Dolowich LLP is a law firm with offices in multiple locations, including Philadelphia, Pennsylvania.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. Prior to initiating this lawsuit Plaintiff exhausted his administrative remedies by filing dual Charge of Discrimination Number 530-2023-05748 with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission. Plaintiff was issued a notice of his right to sue on March 13, 2024.

## IV. FACTUAL ALLEGATIONS

8. Plaintiff was employed by Defendant from on or about December 22, 2020, until his termination on or about December 7, 2022.

9. Plaintiff has a disability, Sensorineural Hearing Loss, and an Auditory Processing Disorder, both of which are covered under the Americans with Disabilities Act (ADA)

and the Pennsylvania Human Relations Act (PHRA), substantially impairing his major life activities, including hearing, thinking, reading, and comprehending.

10. Plaintiff worked remotely for Defendant's New York City Office starting on December 22, 2020.

11. On or about October 17, 2021, after Plaintiff had contributed to several Philadelphia-based matters supervised by Greg Hyman ("Hyman") (a Managing Partner), and Eileen Ficaro ("Ficaro") (a Managing Partner), Defendant approached Plaintiff regarding the possibility of Plaintiff formally transferring to Defendant's Philadelphia office. During a Zoom meeting to discuss the opportunity, Hyman repeatedly complimented Plaintiff's reputation as an exceptional attorney who produced "great numbers." Hyman also stated that "New York's loss is Philly's gain" regarding their excitement of having Plaintiff join the office. At no time did Defendant advise Plaintiff that his transfer to the Philadelphia office would result in any significant change to the essential functions of his job, his practice focus, or Defendant's expectations of him.

12. On February 15, 2022, Plaintiff received a positive annual review, a merit-based salary increase, and bonuses prior to disclosing his disability. Hyman noted that Plaintiff's productivity and billable hours were "above budget" and stated that they were very pleased with Plaintiff's overcall score on his performance evaluation.

13. On or about July 11, 2022, Plaintiff disclosed his Auditory Processing Disorder to Hyman, explaining that his disability requires additional time to process and decode written words. He disclosed his disability to explain why he sometimes required additional time to complete billable tasks. Subsequently, on August 6, 2022, August

17, 2022, and November 21, 2022, Plaintiff disclosed his Auditory Processing Disorder to Defendant's management.

14. On August 17, 2022, Plaintiff submitted completed accommodation request forms to Kristen Powers ("Powers"), Senior Human Resources Generalist, including documentation of his disability and information regarding accommodations he had received in the past. Plaintiff specifically requested additional time to complete assignments with the understanding that all work would be completed on time, weekly mentoring sessions to proactively discuss billing entries for the week so that any necessary modifications could be made before prebills are generated, and working from his home office on a more regular basis to increase his total working hours, thus proportionally increasing his billable hours, as reasonable accommodations for his disability. Defendant was unreceptive to receiving medical documentation from Plaintiff as Kristin DeJesus ("DeJesus"), Human Resources Director, stated that she was "not a doctor."

15. Most of Plaintiff's requests for accommodations were denied. In addition, Greg Brown, a similarly situated employee, worked exclusively from home and Defendant had the capacity and infrastructure in place to, effectively, allow for remote work prior to Plaintiff's accommodation requests.

16. After Plaintiff's requests for accommodations were denied, Plaintiff began experiencing resistance from certain supervisors in terms of receiving assignments and meaningful responses to his strategies for improving billing entries, indicative of a refusal to engage in the interactive process required by anti-discrimination laws.

17. After disclosing his disability to supervising attorney, Rick Perr ("Perr"), Perr stopped assigning work to Plaintiff completely. Supervising attorney, Monica Littman ("Littman") who worked primarily with Perr, also stopped assigning work to Plaintiff.

18. On or around, October 27, 2022, Plaintiff and Hyman had a fifteen-minute conference call. On October 28, 2022, Hyman by email criticized Plaintiff's eight-years as a litigator and made it clear to Plaintiff that Defendant was refusing to accommodate Plaintiff's request for an allowance of additional time. The next day, October 29, 2022, Defendant began looking to replace Plaintiff.

19. Shortly thereafter, Plaintiff received a cancellation notice regarding a mediation that was scheduled to take place on December 15, 2022. However, Plaintiff later learned that the mediation was still scheduled to occur, and only he had been excluded from the same.

20. Plaintiff faced a marked increase in criticisms concerning his billing practices and performance following the disclosure of his disability and request for accommodations.

21. After Plaintiff disclosed his disability and requested accommodations, he complained multiple times that Defendant could do more for people with disabilities.

22. Specifically on October 31, 2022, Plaintiff emailed Hyman complaining that "[his] auditory processing order [was] being dismissed and ignored." Plaintiff complained that instead of receiving the very reasonable accommodations he requested, he was receiving demoralizing criticism of his work that did not take his disability into account.

23. In Plaintiff's October 31, 2022 email to Hyman Plaintiff wrote that "[Defendant] prides itself on its Mansfield Certifications[1]" and asked Defendant to stand behind its' certification. Plaintiff urged Defendant to do more to make attorneys with disabilities feel included and valued for their contributions.

24. On November 30, 2022, Plaintiff completed his performance review. Again, Plaintiff urged Defendant to do more to make attorneys with disabilities feel included and valued for their contributions. Plaintiff wrote:

    *"Finally, I continue to make recommendations to improve our profession. For example, I am working with the ABA Commission on Disability Rights to promote the ABA Pledge for Change . . . which I encouraged [Defendant] to sign. I also encouraged the firm to consider having an affinity group for attorneys with disabilities and a program for National Disability Employment Awareness Month in the future. I am also working with the Commission to explore ways to have attorneys with disabilities feel included in law firms by promoting accommodations related to billable hours and realization rates so attorneys with disabilities can be recognized and evaluated for their contributions to their firm (and the legal profession) beyond billable hours and realization rates so they can grow, be promoted and prosper just like individuals without disabilities."*

25. The last complaint Plaintiff made to Defendant that Defendant's working environment was discriminatory was on November 30, 2022. Seven days later Plaintiff was terminated on December 7, 2022.

26. Defendant's stated reason for termination was that a recruiter had sent Plaintiff's resume to Defendant. However, upon information and belief, another attorney employed by Defendant, Jennifer Prior, who had also used a recruiter to find a new position, was not terminated and instead was rehired by Defendant, indicating

---

[1] Mansfield Certification is a structured certification process designed to ensure all talent at participating law firms and legal departments have a fair and equal opportunity to advance into leadership.

inconsistency in policy enforcement that makes it clear that Plaintiff's termination was indeed pretextual.

27. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer substantial damages, including but not limited to lost wages and benefits, emotional distress, and attorney's fees.

V. **CAUSES OF ACTION**

**COUNT I**
**DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA**

26. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

27. Plaintiff is a qualified individual with a disability under the ADA.

28. Defendant discriminated against Plaintiff on the basis of his disability by terminating his employment.

29. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, benefits, attorney's fees, and emotional distress.

**COUNT II**
**FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS**
**IN VIOLATION OF THE ADA**

30. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

31. Plaintiff requested reasonable accommodations for his disability, which Defendant denied.

32. Defendant's failure to provide reasonable accommodations constitutes a violation of the ADA.

33. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, benefits, attorney's fees, and emotional distress.

## COUNT III
## RETALIATION IN VIOLATION OF THE ADA

34. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

35. Plaintiff engaged in protected activity by requesting reasonable accommodations and opposing disability discrimination.

36. Defendant retaliated against Plaintiff by terminating his employment.

37. As a direct and proximate result of Defendant's retaliatory actions, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, benefits, attorney's fees, and emotional distress.

## COUNT IV
## DISABILITY DISCRIMINATION IN VIOLATION OF THE PHRA

38. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

39. Plaintiff is a qualified individual with a disability under the PHRA.

40. Defendant discriminated against Plaintiff on the basis of his disability by terminating his employment.

41. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, benefits, attorney's fees, and emotional distress.

## COUNT V
## FAILURE TO PROVIDE ACCOMMODATIONS IN VIOLATION OF PHRA

42. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

43. Plaintiff requested reasonable accommodations for his disability, which Defendant denied.

44. Defendant's failure to provide reasonable accommodations constitutes a violation of the PHRA.

45. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, benefits, attorney's fees, and emotional distress.

## COUNT VI
## RETALIATION IN VIOLATION OF THE PHRA

46. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

47. Plaintiff engaged in protected activity by requesting reasonable accommodations and opposing disability discrimination.

48. Defendant retaliated against Plaintiff by terminating his employment.

49. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, benefits, attorney's fees, and emotional distress.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff John Doe demands judgment in his favor and against Defendant, Kaufman Dolowich LLP, and requests that this Court:

a) Declare that the actions of Defendant complained of herein violate the ADA and the PHRA;

b) Enter judgment in favor of Plaintiff on all counts;

c) Award Plaintiff compensatory damages, including but not limited to back pay, front pay, lost benefits, and damages for emotional distress;

d) Award Plaintiff punitive damages;

e) Award Plaintiff his reasonable attorneys' fees and costs; and

f) Grant such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 11, 2024

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____
BRIANA LYNN PEARSON, ESQUIRE
(Pennsylvania ID No. 327007)
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, Pennsylvania 19102
Telephone: (215) 944-6113
Fax: (215) 627-9426
Email: brianap@ericshore.com
*Attorney for Plaintiff John Doe*